[Cite as *State v. Rasool*, 2022-Ohio-3409.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOs. C-210615 |
| | | C-210616 |
| Plaintiff-Appellant, | : | TRIAL NO. 21TRC-16570A |
| | | 21TRC-16570A |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| DELBERT RASOOL, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 28, 2022

*Andrew Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chris Konitzer*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellee.

**BERGERON, Judge.**

{¶1} In the summer of 2021, Officer Sydney Morehead arrested defendant-appellee Delbert Rasool for various offenses involving operating a vehicle while impaired ("OVI"). At a suppression hearing, based on the officer's failure to administer the field sobriety test properly and her inability to recall critical details from the night in question, the trial court granted Mr. Rasool's motion to suppress any evidence obtained after the alleged unlawful stop and warrantless seizure. On the state's appeals, after reviewing the record and the factual findings by the trial court, we must affirm its judgment.

I.

{¶2} Officer Morehead responded to a car crash close to midnight involving Mr. Rasool. When Officer Morehead arrived, she found Mr. Rasool outside of his car, which had gone "kind of up on the grassy area off the curb." Officer Morehead testified that the accident happened on a narrow residential street with cars parked on both sides, rendering it impossible for more than one car to pass at a time. She believed that Mr. Rasool must have hit a parked car head-on based on the resting place of his car. She never, however, asked for Mr. Rasool's account of what happened.

{¶3} Officer Morehead testified that she believed Mr. Rasool to be appreciably impaired to the point that he should not be operating a vehicle. Furthermore, according to the state, Officer Morehead observed Mr. Rasool struggling to retrieve his documents, presenting a moderate odor of alcohol, and exhibiting difficulty in following directions. She further testified that Mr. Rasool "was standing up straight and he just fell over."

2

{¶4} Based on these concerns, Officer Morehead administered an HGN test, a field sobriety test conducted by having the subject follow a finger or pen with their eyes while the tester observes their eye movements. Officer Morehead did not administer any other field sobriety test that would have required Mr. Rasool to move because "I could tell he had a bad leg" (Mr. Rasool recently had knee replacement surgery). After performing the HGN sobriety test and based on her other observations, Officer Morehead arrested Mr. Rasool for violations of R.C. 4511.19(A)(1)(a) and (d), and R.C. 4511.202 (OVI and failure to control). After the trial court granted Mr. Rasool's motion to suppress, the state appealed the charges under R.C. 4511.19(A)(1)(a) and (d).

## II.

{¶5} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Winfrey*, 1st Dist. Hamilton No. C-070490, 2008-Ohio-3160, ¶ 19. At a suppression hearing, the trial court sits in the best position to decide the facts and to evaluate the credibility of the witnesses. *Id.* Appellate courts accordingly must defer to the factual findings of a trial court in evaluating a suppression motion when they are supported by competent, credible evidence. *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, 96 N.E.3d 262, ¶ 14 ("Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. * * * [a]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence."). "[B]ut we review de novo the court's application of the law to those facts." *State v. Jordan*, 2020-Ohio-689, 145 N.E.3d 357, ¶ 9 (1st Dist.).

{¶6} A warrantless arrest in a public place does not violate the Fourth Amendment if the officer possessed probable cause to believe that the person

committed or was committing a criminal offense. *Jordan* at ¶ 11. "In determining whether a police officer has probable cause to arrest a suspect for OVI, a court considers whether, at the moment of arrest, the officer had information within the officer's knowledge, or derived from a reasonably trustworthy source, of facts and circumstances sufficient to cause a prudent person to believe the suspect was driving under the influence of alcohol, drugs, or both." *State v. Montelauro*, 10th Dist. Franklin No. 11AP-413, 2011-Ohio-6568, ¶ 20.

{¶7}   As pertinent to this appeal, the ticket issued to Mr. Rasool cited violations of R.C. 4511.19(A)(1)(a) and (d), and R.C. 4511.202.  R.C. 4511.19(A)(1)(a) and (d) provide that "No person shall operate any vehicle * * * if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them[, or] * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath."

{¶8}   The state argues that probable cause existed because Mr. Rasool caused an accident, fell down during Officer Morehead's investigation, had difficulty retrieving his documents, and presented a moderate odor of alcohol.  But this view of the facts is one-sided and disregards the trial court's assessment and its credibility appraisals.  In fact, Officer Morehead's testimony undermines many of the facts the state features in its brief.  We generally defer to the trial court's credibility determinations because "the trial court has had the opportunity to observe the witness' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record." *State v. Whitfield*, 1st Dist. Hamilton No. C-190591, 2020-Ohio-2929, ¶ 12.

4

{¶9} We take heed of the trial court's findings below—it concluded that the HGN test could not be considered, and recognized inconsistencies in Officer Morehead's testimony. In the trial court's view, Officer Morehead failed to substantially comply with the requirements of the National Highway Traffic Safety Administration ("NHTSA") by rushing the test and failing to follow NHTSA testing guidelines, which precluded the trial court from assessing it in its calculus of probable cause. Notably, the state does not challenge on appeal the trial court's finding regarding the noncompliant HGN test administered by Officer Morehead.

{¶10} Moreover, Officer Morehead's testimony at trial created further doubt for the court: she failed to answer straightforward questions from Mr. Rasool's counsel about the night in question, could not recall many of the essential details of how she administered the HGN test to him (notwithstanding body-worn camera evidence), answered many questions with "I don't recall," and to a degree negated many of the state's arguments. In assessing Officer Morehead's wanting testimony, the trial court noted "we have to take that into consideration when you're considering [probable cause]."

{¶11} Other testimony offered by the officer exhibited inconsistencies. For instance, while Officer Morehead did initially testify that Mr. Rasool "fell over," she later acknowledged that she also understood that Mr. Rasool "had a bad leg," which is why she administered the HGN test and no other field sobriety test. In other words, the state's effort to portray the first part of this testimony as consistent with intoxication runs headlong into her subsequent acknowledgment that physical difficulties with his leg could have caused the fall. As the trial court recalled this point,

5

the officer's testimony established that his injury "very well could have been the reason he fell."

{¶12} Likewise, Officer Morehead also described Mr. Rasool as "fumbling quite a bit when I was asking him for his documentation," but when asked the follow-up question of whether that meant he was fumbling with his wallet, she answered, "I think he might have looked in his vehicle for something if I was asking for registration or insurance." When pressed by defense counsel, she acknowledged that he was "going through his papers and trying to get me, like, his ID and things like that."

{¶13} As defense counsel inquired further, Officer Morehead answered that she "didn't remember" or "couldn't recall" at least 18 times during her testimony. She couldn't recall if Mr. Rasool's eyes were bloodshot, couldn't recall whether his speech was slurred, couldn't recall how far from his eyes she held the pen during the sobriety test, and couldn't recall if Mr. Rasool was able to walk to her police cruiser without any difficulty (other than the limp). Beyond this, Officer Morehead apparently failed to ask him some fairly basic questions, such as "were you drinking" and "how did the crash occur." It may well be that Officer Morehead possessed probable cause on the night in question, but the state failed to adduce necessary facts and testimony that would have substantiated the point.

{¶14} In light of the transcript and evidence at hand, we see nothing amiss in the trial court's credibility assessment or in its ultimate conclusion to grant the suppression motion. The court here found that the officer's testimony added very little to the facts surrounding the car crash—a finding supported by competent, credible evidence. Because "a reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence

6

submitted before the trial court," we overrule the assignment of error and affirm the judgment of the trial court. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984).

### III.

**{¶1}** In light of the foregoing analysis, we overrule the state's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P. J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.